IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-6-TWP-DCP |
| | ) | |
| NATHAN S. MARLOW, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 2, 2018, for a motion hearing on three motions to continue the trial and reset the schedule in this case: Defendant Samuel Rose's Motion to Continue Trial and All Other Deadlines [Doc. 46], Defendant Michael Sturdivant's Motion to Continue Motion Deadline, Plea Deadline, Pretrial Conference, and Trial Date [Doc. 90], and Defendant Justin Morris's Motion to Continue Trial and All Other Deadlines [Doc. 91]. Defendants Nathan Marlow [Doc. 65] and Coty Malicoat [Doc. 66] have moved to join in Defendant Rose's motion.

Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. The following defense counsel represented the Defendants: Attorney Joshua D. Hedrick for Defendant Nathan Marlow; Attorney Robert R. Kurtz for Defendant Justin Morris; Attorney Michael Thomas Cabage for Defendant Coty Malicoat; Attorney Ruth Thompson Ellis for Defendant Michael Sturdivant; Attorneys Ann Short and Mitch Eisenberg for Defendant Samuel Rose; Attorney James H. Varner, Jr., for Defendant Andrea Robbins; Attorney Russell T.

Greene for Defendant Earl Jones; Attorney Christopher Rodgers for Defendant Kristin Damons; Attorney Stephen G. McGrath for Defendant Paige Russell. All Defendants were also present, with the exception of Defendants Rose and Sturdivant, who were previously excused [Docs. 92 & 93] from attending the hearing.

Defendants Rose, Sturdivant, and Morris ask the Court to continue the April 10 trial date and all other deadlines to permit counsel additional time to review the voluminous discovery and to prepare for trial. Defendant Rose, who changed counsel following the filing of this motion, states that counsel needs additional time to review the voluminous discovery and to prepare for trial.[1] Defendant Rose's new counsel have adopted [Doc. 89] this motion, noting that they joined the case on March 12, 2018. Defendant Sturdivant contends that he entered the case on March 26, 2018, and that the ends of justice support a continuance of the trial and other deadlines in order for counsel to receive and review discovery and to prepare for trial. Finally, Defendant Morris, who was also arraigned on March 26, 2018, argues that this case should be deemed complex due to the number of defendants charged and the large volume of discovery generated by the lengthy investigation into this case. Defendant Morris also asserts that the failure to grant a continuance would deny counsel of the reasonable time necessary to prepare the case effectively, even when acting diligently.

At the motion hearing, Ms. Short stated that she was asking for the same relief as Defendant Rose's prior counsel. She stated that she and her firm were new to the case and needed time to review the voluminous discovery. She noted that Defendant Rose had signed a waiver of appearance [Doc. 89-1], in which he also waived his speedy trial rights in connection with extending the deadlines in the case. Attorneys Hedrick and Cabbage stated that Defendants

---

[1] Former counsel also had a state court criminal trial at the time of the April 10 trial date, but this conflict is no longer an issue.

2

Marlow and Malicoat joined in Defendant Rose's motion for the same reasons expressed by Ms. Short. Counsel for Defendants Robbins, Damons, and Russell also joined in the motions to continue the trial and associated deadlines. Attorney Greene stated that Defendant Jones did not object to a trial continuance.[2]

Attorney Kurtz argued that this case should be declared complex due to the amount of discovery. He stated that although he was not yet aware of any novel issues of law or fact, he had just received the discovery in this case on March 29 and had downloaded it on March 30. He stated that the discovery contains video footage from a pole camera, audio recordings from Title III wiretaps, and thousands of line sheets documenting telephone conversations. He asserted that without a trial continuance, he would not be able to prepare for trial effectively.

AUSA Hebets stated that the Government did not object to a declaration that the case is complex. She said that discovery included 7,000 or 8,000 line sheets and that this case involved a lengthy investigation. The Government also did not oppose a trial continuance, noting that four defendants had yet to enter the case. AUSA Hebets stated that continuing the trial in order to include these defendants would promote judicial economy. The parties agreed on a new trial date of October 30, 2018.

The Court finds the Defendants' motions to continue the trial to be well-taken and unopposed by the Government.[3] The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Indictment [Doc. 3] charges that the

---

[2] The Court notes that Defendants Russell [Doc. 96] and Jones [Doc. 98] entered into plea agreements following the motion hearing.

[3] The motions of Defendants Marlow [**Doc. 65**] and Malicoat [**Doc. 66**] to join in the motions to continue the trial and all deadlines are **GRANTED**.

fourteen[4] named Defendants "and other persons" engaged in a two-year conspiracy to distribute fifty grams or more of methamphetamine (Count One). Defendants Marlow, Morris, Damons, and two others are also charged with conspiracy to commit money laundering during this same timeframe (Count Two). Some of the Defendants are charged with substantive counts of distributing methamphetamine on March 10, 2017, and September 24, 2017 (Counts Three through Six). Finally, another codefendant is charged with being a felon in possession of a firearm (Count Seven). Four of the named codefendants have yet to appear in this case. Discovery in this case is voluminous and contains video recordings from a pole camera and audio recordings of between 7,000 and 8,000 wiretapped telephone conversations. Defendant Rose has new counsel, and Defendants Morris and Sturdivant entered the case one week before the motion hearing. Counsel for these Defendants have only recently received the discovery. The Court finds that all counsel need additional time to review discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If any motions are filed, the Court will need time to hold a motion hearing and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot occur in the one-week period until the trial date or in less than seven months. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees that this case is complex for purposes of the Speedy Trial Act. This case involves fourteen Defendants, and the Indictment alleges a drug conspiracy spanning two years. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery

---

[4]Three Defendants have entered into plea agreements.

stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds that this case should be designated as "complex" for speedy trial purposes.

For the reasons discussed above, the Defendants' motions to continue the trial [**Docs. 46, 90 & 91**] are **GRANTED**, and the trial is reset to **October 30, 2018**. The Court finds that all the time between the filing of Defendant Rose's motion on February 16, 2018, and the new trial date of October 30, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Defendants' request to extend the motion deadline is also **GRANTED**. The Court set a new motion deadline of **May 30, 2018**. Responses to motions are due on or before **June 13, 2018**. If the parties file any motions requiring a hearing, the Court will schedule a motion hearing at that time. The new deadline for concluding plea negotiations is **September 10, 2018**. Reciprocal discovery must be disclosed on or before **September 28, 2018**. The parties are to appear before the undersigned for a final pretrial conference on **October 15, 2018, at 11:00 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **October 15, 2018**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 19, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The motions to continue the trial and all deadlines [**Docs. 46, 90 & 91**] are **GRANTED**. Defendant Marlow's [**Doc. 65**] and Defendant Malicoat's [**Doc. 66**] motions to join in the motions to continue are also **GRANTED**;

(2) This case is declared **COMPLEX** for purposes of the Speedy Trial Act:

5

(3) The trial of this matter is reset to commence on **October 30, 2018**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(4) All time between the filing of Defendant Rose's motion on **February 16, 2018**, and the new trial date of **October 30, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is reset to **May 30, 2018**. Responses to motions are due on or before **June 13, 2018**;

(6) The deadline for concluding plea negotiations is **September 10, 2018**;

(7) Reciprocal discovery must be disclosed on or before **September 28, 2018**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **October 15, 2018, at 11:00 a.m.**;

(9) Motions *in limine* must be filed no later than **October 15, 2018**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **October 19, 2018**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge