IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-6-TWP-DCP |
| | ) | |
| NATHAN S. MARLOW, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 26, 2018, for a motion hearing on the Government's motion to continue the trial for one week to commence the week of November 5, 2018 [Doc. 176]. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr. represented Defendant Nathan Marlow, who was also present at the hearing.

The Government filed its motion on August 1, 2018, asking the Court to continue the October 30 trial date for one week due to a conflict that had arisen for AUSA Hebets. In its motion, the Government stated that Defendant Marlow's counsel, who at that time was Attorney Joshua D. Hedrick, indicated no objection to the brief continuance of the trial. On August 21, 2018, Mr. Hedrick filed a Motion to Withdraw [Doc. 190], contending that the attorney-client relationship had deteriorated to the point that he can no longer represent the Defendant effectively and that Defendant requested that he withdraw and new counsel be appointed. The Motion to Withdraw was granted, and Mr. Gulley was substituted and appointed as Defendant Marlow's

counsel by order entered August 28, 2018 [Doc. 193]. Given the appointment of new counsel, the Court directed Mr. Gulley to file a response to the Government's Motion to Continue Trial [Doc. 176] on or before September 5, 2018. The Response to the Government's Motion to Continue Trial was timely filed and stated that Defendant Marlow did not agree at that time to a continuance of the October 30, 2018 trial date [Doc. 194].

At the motion hearing, AUSA Hebets stated that she has been the only attorney working on this case and that but for the conflict that had recently arisen, the Government was fully prepared to go to trial and had obtained all available witnesses. Mr. Gulley advised the Court that while Defendant Marlow objects to the requested trial continuance, he had not been able to review the discovery and information obtained from Mr. Hedrick, partly due to technical difficulties in accessing electronic files, which he and Mr. Hedrick were actively working to resolve. Mr. Gulley further advised that after reviewing the discovery and information, he would need to sufficient time to review the same with Defendant Marlow and evaluate whether there are grounds to seek leave for the filing of any meritorious motions, as the deadline for filing pretrial motions expired May 30, 2018.

The Court finds the motion to continue the trial one week to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that this case has been declared complex for purposes of the Speedy Trial Act [Doc. 104]. The Indictment [Doc. 3] charges that the fourteen[1] named Defendants "and other persons" engaged in a two-year conspiracy to distribute fifty grams or more of methamphetamine (Count One). Defendant Marlow

---

[1] The Court notes that of the fourteen Defendants charged in this case, thirteen have appeared and one remains at large and is sealed. Twelve of the thirteen Defendants, who have appeared in the case (i.e., all except for Defendant Marlow), have entered into plea agreements and are no longer proceeding to trial.

is also charged with conspiracy to commit money laundering during this same timeframe (Count Two) and with a substantive count of distributing methamphetamine on March 10, 2017 (Count Three). Discovery in this case is voluminous and contains video recordings from a pole camera and audio recordings of between 7,000 and 8,000 wiretapped telephone conversations. Additionally, AUSA Hebets has been the only attorney working on this case for the United States, since the case's inception and represented that she has fully prepared the case for trial. The parties, including the Government, are entitled to continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Given that AUSA Hebets has diligently prepared this complex case for trial and is seeking a continuance of only one week in order to afford the Government continuity in representation, the Court finds that the failure to grant the one-week request for continuance would unreasonably deny the Government continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv) & -(C).

The Court further finds that while Defendant Marlow objects to the continuance, a trial continuance is warranted for his newly appointed counsel to have time to review the file and to ensure reasonable time necessary for effective preparation, despite his use of due diligence.[2] *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, the Government's motion to continue the trial [**Doc. 176**] is **GRANTED**, and the trial is reset to **November 5, 2018**. The Court finds that all the time between the filing of the Government's motion on August 1, 2018, and the new trial date of November 5, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B).

---

[2] The Court notes that AUSA Hebets offered to make the Government's discovery available to Mr. Gulley, if he is unable to resolve the technical issues he is experiencing with the electronic files obtained from Mr. Hedrick. However, Mr. Gulley advised that there is additional information that he needs from Mr. Hedrick's electronic files, including investigative notes, in order to have a complete file.

Accordingly, it is **ORDERED**:

(1) The trial of this matter is reset to commence on **November 5, 2018**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(2) All time between the filing of the Government's motion on **August 1, 2018**, and the new trial date of **November 5, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(3) The parties are to appear before the undersigned for a final pretrial conference on **October 15, 2018, at 11:00 a.m.**;

(4) Motions *in limine* must be filed no later than **October 19, 2018**; and

(5) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **October 26, 2018**.

**IT IS SO ORDERED.**


ENTER:

_____
Debra C. Poplin
United States Magistrate Judge