IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-6-TWP-DCP |
| | ) | |
| NATHAN S. MARLOW, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the Court on October 15, 2018, for a scheduled pretrial conference. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr., represented Defendant Marlow, who was also present.

Mr. Gulley made an oral motion to continue the November 5 trial date. He stated that he had received forty gigabytes of discovery and other information from previous counsel Mr. Hedrick. Mr. Gulley said that although he had reviewed the discovery, he was still going through Mr. Hedrick's notes and work product. He related that he also needed to meet with Defendant Marlow to review the discovery and to discuss potential pretrial motions. Finally, he stated that he needed time to prepare for trial. Mr. Gulley argued that a short trial continuance was necessary to provide the effective assistance of counsel, while still preserving the Defendant's right to a speedy trial.

AUSA Hebets stated that the Government did not oppose Mr. Gulley's request for a trial continuance. She confirmed that this case involves substantial discovery. AUSA Hebets said that the Government's proof at trial should take two to three days. The parties agreed on a new trial date of December 4, 2018.

The Court finds defense counsel's oral motion to continue the trial one month to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that this case has been declared complex for purposes of the Speedy Trial Act [Doc. 104]. The Indictment [Doc. 3] charges that the fourteen[1] named Defendants "and other persons" engaged in a two-year conspiracy to distribute fifty grams or more of methamphetamine (Count One). Defendant Marlow is also charged with conspiracy to commit money laundering during this same timeframe (Count Two) and with a substantive count of distributing methamphetamine on March 10, 2017 (Count Three). Discovery in this case is voluminous and contains video recordings from a pole camera and audio recordings of between 7,000 and 8,000 wiretapped telephone conversations. Accordingly, the Court continues to find that it is "unreasonable to expect adequate preparation" for trial within the time limits set by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Additionally, the Court observes that it substituted and appointed [Doc. 193] Mr. Gulley as counsel of record for Defendant Marlow on August 29, 2018, approximately two months before

---

[1] The Court notes that of the fourteen Defendants charged in this case, thirteen have appeared and one remains at large and is sealed. Twelve of the thirteen Defendants, who have appeared in the case (i.e., all except for Defendant Marlow), have entered into plea agreements and are no longer proceeding to trial.

2

the November 5 trial date.[2]  The Court finds that a trial continuance is necessary in order to permit new counsel the "reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(7)(B)(iv).  Mr. Gulley needs time to complete his review of prior counsel's file, interview witnesses, confer with the Defendant, potentially prepare and litigate pretrial motions, and prepare the case for trial.  The Court finds that requiring the parties to proceed to trial on November 5 would deprive defense counsel of the reasonable time necessary to prepare for trial effectively, even taking into account counsel's acting with due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, defense counsel's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **December 4, 2018**.  The Court finds that all the time between the pretrial conference on October 15, 2018, and the new trial date of December 4, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(7)(A)-(B).  With regard to other scheduling in this case, the Court observes that the deadline for filing pretrial motions has expired.  If defense counsel deems it necessary to file a pretrial motion, he must move for leave to file the motion and must attach a copy of the motion he seeks to file.  The deadline for providing reciprocal discovery is reset to **November 16, 2018**.  The Court instructs the parties that all motions *in limine* must be filed no later than **November 19, 2018**.  Special requests for jury instructions shall be submitted to the District Judge no later than **November 26, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

---

[2]At the time Mr. Gulley was appointed, the trial was set for October 30, 2018.  Prior to Mr. Gulley's appointment, the Government had moved [Doc. 176], to continue the trial one week to November 5, because of a conflict.  Mr. Gulley responded [Doc. 194] that Defendant Marlow did not agree to continue the trial.  The parties appeared for a hearing on the motion on September 26, 2018, at which time the Court continued [Doc. 208] the trial over the Defendant's objection to preserve the continuity of counsel for the Government.  The Court also found that a trial continuance was warranted to give newly appointed counsel time to review the file and prepare effectively.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this case is reset to commence on **December 4, 2018**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the pretrial conference on **October 15, 2018**, and the new trial date of **December 4, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for providing reciprocal discovery is **November 16, 2018**;

(5) All motions *in limine* must be filed no later than **November 19, 2018**; and

(6) Special requests for jury instructions must be submitted to the District Judge no later than **November 26, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States District Judge