# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATHAN S. MARLOW, and ) <br> LESLIE S. LEAVITT, ) <br> ) <br> Defendants. ) | No. 3:18-CR-6-TWP-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the Court on November 16, 2018, for a scheduled pretrial conference and motion hearing on Defendant Nathan Marlow's Motion to Continue Trial and to Schedule New Deadlines [Doc. 238] and Defendant Leslie Leavitt's Motion for Continuance of the Trial Date [Doc. 239]. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr., represented Defendant Marlow. Attorney Wesley D. Stone represented Defendant Leavitt. Both Defendants were also present.

In his motion [Doc. 238], Defendant Marlow asks the Court to continue the December 4 trial date and other relevant deadlines. He states that defense counsel, whom the Court substituted and appointed [Doc. 193] on August 29, 2018, needs additional time to complete his review of discovery and the file from predecessor counsel. Additionally, the Defendant wants to file pretrial motions, so a new motion deadline is necessary to allow Defendant to pursue his defense.

Defendant Leavitt also moves [Doc. 239] the Court for a continuance of the trial and all deadlines, because she first appeared in this case on November 7, 2018. At the time of the filing of the motion on November 9, counsel for Defendant Leavitt had not yet received discovery. Defendant Leavitt's motion relates that the Government has no objection to the requested continuance.

At the November 16 motion hearing, Mr. Gulley stated that he had conferred with Defendant Marlow, who wants him to file a number of motions. Mr. Gulley said that that these motions cannot be litigated before the December 4 trial date. He stated that he believed the trial of this case would take three days. Mr. Stone said that he had yet to receive all of the discovery in this case and that he needed time to evaluate the discovery and to confer with his client. AUSA Hebets said that the Government did not object to a continuance. She stated that she has provided initial discovery to Mr. Stone and that she had notified him by email that the remaining discovery was available for him to retrieve. The parties agreed on a new trial date of April 9, 2019.

The Court finds the Defendants' motions to continue the trial and other pretrial deadlines to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that this case has been declared complex for purposes of the Speedy Trial Act [Doc. 104]. The Indictment [Doc. 3] charges that the fourteen[1] named Defendants "and other persons" engaged in a two-year conspiracy to distribute fifty grams or more of methamphetamine (Count One). Defendants Marlow and Leavitt are also charged with conspiracy to commit money

---

[1] The Court notes that of the fourteen Defendants charged in this case, twelve have entered into plea agreements and are no longer proceeding to trial.

laundering during this same timeframe (Count Two) and with a substantive count of distributing methamphetamine on March 10, 2017 (Count Three). Discovery in this case is voluminous and contains video recordings from a pole camera and audio recordings of between 7,000 and 8,000 wiretapped telephone conversations. Accordingly, the Court continues to find that it is "unreasonable to expect adequate preparation" for trial within the time limits set by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Additionally, the Court observes that Mr. Gulley has represented Defendant Marlow for two and one-half months but has had access to the file from prior counsel only for approximately one month. Moreover, Defendant Marlow wants to file pretrial motions. Mr. Stone has represented Defendant Leavitt for just over one week and has yet to retrieve all of the discovery. Accordingly, the Court finds that a trial continuance is necessary in order to permit new counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Counsel for Defendants Marlow and Leavitt need time to complete their review of discovery, interview witnesses, confer with their clients, prepare and litigate pretrial motions, and prepare the case for trial. The Court finds that this preparation cannot occur before the December 4 trial date or in less than five months. Thus, the Court finds that requiring the parties to proceed to trial on December 4 would deprive defense counsel of the reasonable time necessary to prepare for trial effectively, even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' motions to continue the trial [**Docs. 238 & 239**] are **GRANTED**, and the trial of this matter is reset to **April 9, 2019**. The Court finds that all the time between the filing of the motions on November 9, 2018, and the new trial date of April 9, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §

3

3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the deadline for filing pretrial motions is reset to **January 4, 2019**. Responses to motions are due on or before **January 18, 2019**. The parties are to appear before the undersigned for a motion hearing on **January 22, 2019, at 9:30 a.m.** The deadline concluding plea negotiations and providing reciprocal discovery is reset to **March 1, 2019**. The Court instructs the parties that all motions *in limine* must be filed no later than **March 25, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **March 29, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' motions to continue the trial and all deadlines [**Docs. 238 & 239**] are **GRANTED**;

(2) The trial of this case is reset to commence on **April 9, 2019**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Defendants' motions on **November 9, 2018**, and the new trial date of **April 9, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **January 4, 2019**;

(5) Responses to motions are due on or before **January 18, 2019**;

(6) The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **January 22, 2019, at 9:30 a.m.**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is **March 1, 2019**;

(8) All motions *in limine* must be filed no later than **March 25, 2019**; and

(9) Special requests for jury instructions must be submitted to the District Judge no later than **March 29, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge