UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:18-CR-006 |
| ) | |
| NATHAN S. MARLOW ) | |

## **MEMORANDUM AND ORDER**

On June 3, 2021, the Court conducted a hearing on the Nathan S. Marlow's ("Defendant's") counseled motion to withdraw his guilty plea. [Doc. 582]. The Court heard proffers from both parties at the hearing and reserved ruling on the matter. For the reasons that follow, Defendant's motion will now be **DENIED**.

### I. PROCEDURAL BACKGROUND

The seven-count indictment charges Defendant and thirteen other persons with conspiring to distribute methamphetamine. Defendant has now been represented by three court-appointed attorneys in this case. The first two lawyers have been replaced due to conflict with Defendant.

Defendant and his third attorney, Corey Shipley, signed a plea agreement on September 26, 2019. [Doc. 363]. On September 27, 2019, Defendant and attorney Shipley appeared before the Court for a change of plea hearing. At that hearing, Defendant entered a plea of guilty to Counts One and Two of the indictment. The Honorable Magistrate Judge Debra C. Poplin issued a Report and Recommendations after the hearing [Doc. 368], which the Court adopted, without objection, on October 16, 2019 [Doc. 444].

On December 22, 2020, the Clerk of Court docketed Defendant's *pro se* motion to withdraw his guilty plea. [Doc. 575]. Therein, Defendant raised several allegations of judicial misconduct, prosecutorial misconduct, and ineffective assistance of his prior two attorneys. The Court denied the motion as Defendant was represented by counsel at the time of filing and instructed attorney Shipley to either file a motion for review of the attorney-client relationship and a withdrawal of guilty plea motion or a motion to withdraw the *pro se* motion as appropriate. [Doc. 574].

On January 14, 2021, attorney Shipley filed the instant motion to withdraw Defendant's guilty plea wherein Defendant, through counsel, alleges that after the Court accepted Defendant's guilty plea, the United States disclosed two DEA-6 forms containing the alleged factual basis for an obstruction of justice enhancement which, if applied, would remove Defendant from safety-valve eligibility. [Doc. 582].

## II. FACTUAL BACKGROUND

In the plea agreement signed by Defendant and attorney Shipley, Defendant stipulated to facts which satisfy the elements of the charged offense but do not necessarily constitute all the facts in the case and other facts may be relevant to sentencing. [Doc. 363, p. 2]. He affirmed that he was pleading guilty because he is in fact guilty. [*Id.*]. Defendant acknowledged that, by pleading guilty, he was giving up the right to plead not guilty. [*Id.* at 4]. He further confirmed his understanding that "[a]ny estimates or predictions made to the defendant by defense counsel . . . regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s)." [*Id.* at 5].

Defendant was placed under oath at the commencement of his change of plea hearing. [Doc. 584, p. 3]. <u>In other words, he swore to tell the truth</u>. The following pertinent exchanges and acknowledgments from the change of plea hearing are noted:

- Defendant confirmed his understanding that he was answering questions under oath, and that if he answered falsely, it could be used against him. [*Id.* at 3].

- Defendant affirmed that he had ample opportunity to discuss his case with his attorney. [*Id.* at 5-6].

- Defendant affirmed that he was satisfied with attorney Shipley's advice and representation, and that attorney Shipley had explained the terms of the plea agreement to him. [*Id.*].

- When asked whether anyone had applied any mental or physical pressure to force him to plead guilty, Defendant responded, "No, Your Honor." [*Id.* at 8].

- Defendant agreed with the summary of his criminal conduct in this case and he confirmed that he was pleading guilty because he was in fact guilty. [*Id.* at 13].

Having personally observed Defendant's appearance and responsiveness, the Court found him competent to plead guilty. [*Id.* at 19-20]. The Court accepted Defendant's plea, with the proviso that the recommendation would be made to the district judge for the ultimate acceptance. [*Id.* at 20]. After explaining the next steps to Defendant for sentencing and the presentence investigation report ("PSR"), the Court concluded the hearing. [*Id.* at 21-23]. All of Defendant's responses to the Court's questions were appropriate to each question asked. Defendant did not simply answer "yes" to every inquiry, nor did his responses suggest that he did not understand either the Court or the attorneys.

### III. ANALYSIS

3

Case 3:18-cr-00006-RLJ-DCP   Document 601   Filed 06/10/21   Page 3 of 9   PageID #: 4437

After a plea of guilty has been accepted, a defendant may withdraw that plea upon demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has presented "a fair and just reason," courts consider a non-exhaustive list of factors including,

1. The length of time between the plea and the motion to withdraw,

2. The presence or absence of a valid reason for failing to move earlier,

3. Whether the defendant has asserted or maintained his innocence,

4. The circumstances underlying the entry of the guilty plea,

5. The defendant's nature and background,

6. The degree to which the defendant has prior experience with the criminal justice system, and

7. Potential prejudice to the government if the motion is granted.

*United States v. Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). These considerations "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

> A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea. When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise. The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice.

4

*United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations and quotations omitted). Here, attorney Shipley focused on the fourth factor in making his argument that Defendant should be allowed to withdraw his guilty plea. However, the Court will look at all of the factors to determine whether Defendant has presented "a fair and just reason" to withdraw his plea.

### A. *Length of Time Between Plea and Motion / Reason for Failing to Move Earlier*

As noted, Defendant entered his guilty plea on September 27, 2019. His first *pro se* motion was postmarked December 12, 2020, over one year later. The passing of 30 days between the entry of a guilty plea and the motion to withdraw that plea is "at the boundary line between what is acceptable and what is not." *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citing and quoting *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009)); *United States v. Smith,* 46 Fed. App'x. 247, 249 (6th Cir. 2002) (finding 113-day delay "excessive"). The Court accordingly finds that the amount of time elapsed weighs heavily against Defendant.

As to whether there was a valid reason to failing to move earlier in the proceedings, Defendant's attorney asserted at the hearing that at the time of the plea agreement, Defendant and his counsel thought Defendant would be safety-valve eligible. On December 9, 2019 the revised PSR was filed and included an enhancement for obstruction of justice, making Defendant not safety-valve eligible. [Doc. 517]. On February 21, 2020, Defendant, through counsel, filed a notice of objections, objecting specifically to the factual allegations supporting the obstruction enhancement and requested a hearing on the matter. [Doc. 525]. The two forms in question which support the enhancement were given

5

to Defendant's counsel on September 25, 2019, more than one year before Defendant filed his *pro se* motion to withdraw his plea. Defendant has not provided a valid reason for not filing a motion to withdraw his plea earlier, as the information regarding his safety-valve eligibility was known more than one year before the date the instant motion was filed. Accordingly, this factor also weighs heavily against Defendant.

### B. Assertions of Innocence

At his change of plea hearing, Defendant stated under oath that he was pleading guilty because he was in fact guilty. At the recent motion hearing, the United States argued that Defendant has not vigorously protested his innocence in this case. However, in his *pro se* motion, Defendant does assert that he is "legally innocent" multiple times. At the hearing, Defendant did also assert that he was innocent as set forth in his *pro se* motion. Accordingly, the factor of whether Defendant has asserted or maintained his innocence weighs slightly in favor of the defendant.

### C. Circumstances Underlying the Entry of the Guilty Plea

This factor is the main argument Defendant makes for being allowed to withdraw his guilty plea. Defendant, through counsel, argues that not receiving the two DEA-6 documents prevented counsel from being able to properly advise Defendant as he did not know about the obstruction of justice enhancement and thought Defendant would be safety-valve eligible. Defendant's counsel also expressed that, after his appointment, not being able to file dispositive motions concerning suppression limited counsel. The Court is not persuaded by any of these excuses.

The Court again notes that, at his change of plea hearing, Defendant: swore to tell

6

the truth; confirmed that he had ample opportunity to discuss his case and plea agreement with his attorney; stated that he was satisfied with attorney Shipley's advice and representation; and denied that anyone had pressured him to plead guilty. At that hearing, the Court was able to observe Defendant and found him competent to enter a plea. The Court has reviewed the change of plea transcript and finds no indication that Defendant was promised safety-valve eligibility or a specific sentence. Further, the transcript indicates that Defendant knew he would be sentenced by the Court after the PSR was completed and all of the offense conduct was reviewed. As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

While Defendant has expressed a desire to file suppression motions throughout his case, the Court finds that he was adequately counseled and was of sound mind to decide whether or not to plead guilty. He made that decision and his guilty plea was accepted by the Court. Subsequently, Defendant changed his mind.

Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation and quotation omitted). That is precisely what has happened here. Defendant knew what he was doing when he decided to enter a guilty plea. Having to decide between

7

two options is not the same as being confused. Then, over a year later, Defendant concluded that "he made a bad choice in pleading guilty." That is not a "fair and just reason for requesting the withdrawal." *Id.* This factor weighs heavily against granting Defendant's motion.

### D. *Nature, Background, and Experience with the Criminal Justice System*

On December 3, 2019, the United States Probation Office disclosed Defendant's PSR. [Doc. 514]. A revised PSR was issued on December 9, 2019. [Doc. 517]. On January 22, 2021, a second revised PSR was issued, addressing Defendant's first objection and altering the language regarding whether the probation officer had any information about the defendant obstructing justice. [Doc. 580]. The second revised PSR lists 5 paragraphs of prior convictions and 3 paragraphs of "other arrests." [*Id.* at ¶¶ 49-61]. None of those cases were federal, but Defendant is plainly familiar with the criminal justice system.

Defendant has not reported a history of mental health issues or any ongoing physical health issues. [*Id*. at ¶¶ 65-67]. He has also denied any controlled substance abuse. [*Id*. at ¶ 68].

On the whole, Defendant's nature, background, and experience weigh in favor of denying the present motion.

### E. *Prejudice to Government*

The United States "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal . . . ." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Having considered the *Quinlan/Bashara* factors, the Court concludes that

8

Defendant has not shown a fair and just reason for withdrawing his plea. The Court therefore need not further address the "prejudice to government" factor.

## IV. CONCLUSION

For the reasons provided herein, Defendant's motion to withdraw his guilty plea [Doc. 582] is **DENIED**.

Sentencing is **SET** for **Tuesday, July 20, 2021, at 9:45 a.m.** in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge