UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-6-TAV-DCP-1 |
| NATHAN S. MARLOW, | ) | |
| Defendant. | ) | |

## **ORDER**

This criminal case is before the Court on defendant's *pro se* motion to amend his second revised presentence investigation report ("PSR") [Doc. 650]. Defendant requests the Court remove the enhancement for obstruction of justice and "all the related allegations that were found to have been beaten at [his] sentencing hearing" [*Id.* at 1]. He contends that the enhancement and the related allegations are negatively affecting his position in the Bureau of Prisons.

On the first page of the PSR, there is a large, darkened text box in which it states in all caps that objections must be filed within 14 days of the filing of the PSR on January 22, 2021 [Doc. 580, p. 1]. Counsel for defendant timely filed a Notice of Objection to the PSR [Doc. 525]. The issue regarding the obstruction of justice enhancement of which defendant now complains was properly raised in his objections [*Id.*]. In addition, the issue was raised again in the addendum to defendant's sentencing memorandum that was filed after defendant was appointed new counsel [Doc. 615; Sealed Doc. 625]. Thus, this objection was timely raised by defendant at the time of sentencing.

At sentencing, United States District Judge R. Leon Jordan[1] heard argument on defendant's objection and found that the proof presented by the government was insufficient to support the enhancement [Doc. 641, p. 60]. Judge Jordan held that without the application of the enhancement, defendant's guideline range was 168 to 210 months [*Id.* at 60–61]. Thereafter, Judge Jordan sentenced defendant to 180 months' imprisonment, followed by five years of supervised released [Doc. 633]. The Statement of Reasons form indicated that Judge Jordan sustained defendant's objection to the obstruction of justice enhancement found in U.S.S.G. § 3C1.1 [Doc. 634]. Defendant now asks the Court to amend the PSR based on his objection being sustained [Doc. 650].

Pursuant to Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has recognized that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (internal quotation marks omitted) (noting that "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court").

---

[1] Since the sentencing took place on February 17, 2022 [Doc. 630], this case has been reassigned to this Court for all further proceedings.

Here, there is no error in the PSR, the Judgment, or the Statement of Reasons form [*See* Docs. 580, 633, 634]. Instead, after the Statement of Reasons form was entered, the record accurately reflects that defendant's objection to the obstruction of justice enhancement was sustained [Doc. 634, p. 1]. Thus, the Court is not required to alter or amend the PSR because the Statement of Reasons form, which is provided to the Bureau of Prisons along with the PSR, accurately shows that defendant's objection was sustained. Accordingly, defendant's motion [Doc. 650] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE