UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-6-TAV-DCP-1 |
| NATHAN S. MARLOW, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction [Doc. 670] and motion to supplement his motion [Doc. 688], and the government's motion for extension of time [Doc. 684]. Defendant requests that the Court resentence him (i) due to extraordinary and compelling reasons; and (ii) pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The Federal Defender Services of Eastern Tennessee filed a notice of no intention to supplement defendant's motion [Docs. 683]. The government responded [Doc. 685], and defendant replied [Doc. 687]. Defendant subsequently filed a supplement [Doc. 690]. For the following reasons, defendant's motion for a sentence reduction [Doc. 670] will be **GRANTED in part**, his motion to supplement [Doc. 688] will be **DENIED**, and the government's motion [Doc. 684] will be **DENIED as moot**.

### I.  Factual Background

Defendant was indicted on charges of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One); conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) (Count Two); and distributing 50 grams

or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Three) [Doc. 52]. On September 27, 2019, defendant pleaded guilty to Counts One and Two at a hearing before United States Magistrate Judge Debra C. Poplin [Doc. 365]. On October 16, 2019, United States District Judge Thomas W. Phillips adopted Judge Poplin's Report and Recommendations as to defendant's guilty plea [Doc. 444].

The second revised presentence investigation report ("RPSR") calculated defendant's criminal history score at one [RPSR ¶ 54]. An additional two points were added because defendant committed the instant offense while under another sentence in Knox County, Tennessee Criminal Court [*Id.* ¶ 55]. Therefore, a total of three criminal history points resulted in a criminal history category of II [*Id.* ¶ 56]. Based upon a total offense level of 38 and a criminal history category of II, the RPSR calculated defendant's guideline range as 262 to 327 months' imprisonment [*Id.* ¶ 74]. At sentencing, the Court determined that an obstruction-of-justice enhancement did not apply and varied downward two levels based on defendant's safety valve eligibility pursuant to U.S.S.G. §§ 5C1.2 and 2D1.1(b)(18), resulting in a total offense level of 34 and a guideline range of 168 to 210 months' imprisonment [Doc. 641, pp. 60–61].

The Court ultimately sentenced defendant on February 17, 2022, to 180 months' imprisonment to be followed by 5 years of supervised release [Doc. 633]. Defendant appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed his convictions and sentence [Crim. Case, Doc. 645].

According to the Bureau of Prisons' website, defendant is presently scheduled for release on December 17, 2029. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 28, 2025).

## II. Compassionate Release

### A. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 670].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**B. Analysis**

**1. Exhaustion**

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017)). The only exceptions

4

Case 3:18-cr-00006-TAV-DCP    Document 692    Filed 05/02/25    Page 4 of 18
PageID #: 5113

to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant sought compassionate release from the BOP in December 2023 [*See* Doc. 685-2, pp. 1–2] prior to filing the instant motion. The government partially concedes defendant's satisfaction of the exhaustion requirement, but notes "it is unclear whether [defendant] presented *all* of his current claims to the Bureau of Prisons in the first instance [Doc. 685, p. 2 n.3]. Nevertheless, given that defendant raised many of his instant arguments in his initial BOP request, the Court will evaluate the compassionate release arguments raised in defendant's motion [Doc. 670] according to the three-step test explained above.

However, as for defendant's supplemental motion, which contains an argument related to "Amendment 828 to the Sentencing Guidelines," defendant has not submitted any evidence of prior exhaustion as to this argument and his request to supplement [Doc. 688] will therefore be **DENIED**.

## 2. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau

5

of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).") However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute

6

extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his release: (i) family circumstances; (ii) changes in law; (iii) and miscellaneous other arguments [Doc. 670].

### i. Defendant's Family Circumstances

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through 3(C) as well as a . . . sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3).

In his motion, defendant submits that his mother, Vicky Marlow, suffers from "incurable, progressive diseases," including hypertension, asthma, and chronic kidney disease [Doc. 670, p. 17]. In addition to these chronic conditions, defendant cites recent traumatic events, including a fall and fracture, that have further compromised his mother's health [*Id*. at 17–18]. He submits that her physician recommended that defendant help his mother with her daily activities and, given that she lives alone, he argues that "[i]t is imperative that [he] care

7

Case 3:18-cr-00006-TAV-DCP   Document 692   Filed 05/02/25   Page 7 of 18
PageID #: 5116

for his mother" [*Id*. at 19; *see also id*. at 111]. In support, defendant attaches his mother's medical records to his motion [*See id*. at 56–110].

The government notes that defendant has not introduced evidence demonstrating that his mother is incapacitated [Doc. 685, p. 4]. Contrary to his characterization of the physician's note, the government argues that her doctor did not provide specific information intended for the Court to determine whether she is, in fact, incapacitated [*Id*.]. The government also argues that defendant has failed to demonstrate that he is the only available caregiver for his mother [*Id*.].

In reply, defendant reiterates that his mother does not have other family members available to assist her with her medical conditions [Doc. 687, p. 1].

Defendant has not established that the foregoing circumstances are extraordinary and a compelling reason warranting relief. As the government notes, while defendant's mother appears to face a number of medical challenges, defendant has not demonstrated that she is "incapacitated" within the meaning of the term contained in § 1B1.13(b)(3). "Incapacitation" within the meaning of § 1B1.13(b)(3) typically means that the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." *See United States v. Steele*, No. 1:20-CR-13-4, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024) (quoting *United States v. Jones*, No. CR 13-252, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021)). Additionally, and alternatively, he has not demonstrated that he is the only available caregiver to her. Accordingly, the Court finds that defendant's arguments regarding family circumstances do not constitute an extraordinary and compelling ground warranting release.

8

### ii. Change in Law

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of

9

'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See* Doc. 670, pp. 36–43; Doc. 685, pp. 7–8]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

### iii. Miscellaneous Arguments

Defendant advances additional arguments related to the Guidelines' treatment of drug purity [Doc. 670, pp. 19–25]. Separately, he argues that the Guidelines disparately handle drug purity as it relates to sentencing in cases involving actual methamphetamine [*Id*. at 25–27]. As the government notes, these arguments are more appropriately addressed on direct appeal or in a motion brought pursuant to 28 U.S.C. § 2255 [Doc. 685, p. 5].[1]

Additionally, defendant argues that his "remarkable rehabilitation" efforts, which include extensive educational programming and a reduced recidivism risk, constitute an additional extraordinary and compelling reason for his compassionate release [Doc. 670, pp. 35–36; *see also id*. at 136–51]. While the policy statement acknowledges that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," U.S.S.G. § 1B1.13(d), it may be

---

[1] On April 14, 2025, the Court denied one such motion in which defendant-petitioner raised some similar arguments [*See* Doc. 691].

considered in conjunction with another rationale such as a change in law [*See also* Doc. 685, p. 7]. Therefore, while the Court acknowledges defendant's rehabilitation, this factor "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d).

Given that the Court has rejected each of defendant's extraordinary and compelling arguments, his motion [Doc. 670] is hereby **DENIED** insofar as he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(2). Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

### III. Amendment 821

#### A. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

11

the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a

12

that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii).

    **B.    Analysis**

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

    (1)    the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2)    the defendant did not receive an adjustment under §3A1.4 (Terrorism);

---

below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).

13

(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.* Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant seeks a sentence reduction under § 4A1.1 of Amendment 821, which reduced the "status points" added to defendant's criminal history from two points to zero points because he received fewer than seven "points under subsections (a) through (d)." *Id.* Because defendant's prior convictions yielded one criminal history point, and he is no longer subject to status points, he receives one criminal history point rather than three. Therefore, his criminal history category is I rather than II. *See* U.S.S.G. Sentencing Table.

In its response, the government states that Amendment 821's modification of defendant's criminal history category ultimately does not affect his sentence because

14

"[c]ombining that criminal history category with his total offense level of 36 yields an amended guideline range of 188 to 235 months," the low-end of which exceeds his existing 180-month sentence [Doc. 685, p. 9]. Elsewhere, the government similarly states that defendant faced "an offense level of 36 and criminal history category of II" at sentencing [*Id.* at 2]. However, the government appears to have overlooked the two-level downward variance that defendant received based upon his safety valve eligibility pursuant to U.S.S.G. §§ 5C1.2 and 2D1.1(b)(18), which was additional to the two-level reduction based upon the Court's sustainment of defendant's obstruction of justice objection [*See* Doc. 634, pp. 1–3; Doc. 641, pp. 60–61]. United States District Judge R. Leon Jordan stated on the record that defendant was sentenced under an offense level of 34 and a guideline range of 168 to 210 months [Doc. 641, pp. 60–61].[3]

Therefore, combining defendant's revised criminal history category of I with the correct offense level ultimately determined at his sentencing hearing, 34, the resulting guideline range is 151 to 188 month's imprisonment. *See* U.S.S.G. Sentencing Table. Contrary to the government's position, defendant does appear to benefit from Amendment 821's revision of section 4A1.1. In reaching this finding, the Court determines that a sentence reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *See* U.S. Sent'g Guidelines Manual § 1B1.10. That is, "to satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's

---

[3] While the Statement of Reasons and Judge Jordan's statements at sentencing accord in this case, "[a] sentence pronounced in a defendant's presence prevails over a written sentence when the two conflict." *United States v. McHugh*, 528 F.3d 538, 539 (7th Cir. 2008) (citing *United States v. Makres*, 851 F.2d 1016 (7th Cir. 1988)).

15

Case 3:18-cr-00006-TAV-DCP    Document 692    Filed 05/02/25    Page 15 of 18
PageID #: 5124

applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted).

Finally, the Court will consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[4] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sent'g Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

Defendant submits that the length of his imprisonment, his deeply felt remorse, and his mother's declining health contribute to § 3553(a) factors in favor of his request [Doc. 670, p.

---

[4] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 564 U.S. 319 (2011).

16

42]. He attaches extensive educational coursework that he has completed during his incarceration, which he argues evidences his rehabilitation [*Id.* at 120]. The government argues that the § 3553(a) factors weigh against defendant's request; nevertheless, it acknowledges defendant's completion of extensive educational programs, and it substantiates defendant's minimal disciplinary record [*see* Docs. 685, 685-3].

After considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in defendant's criminal history category affected by Amendment 821. The Court has also taken into consideration the risk defendant poses to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct. In recognition of the amount of time defendant has invested in rehabilitation, including educational programs, and taking into account defendant's sole disciplinary offense, the Court will reduce defendant's sentence to 162 months' imprisonment. Given that Judge Jordan sentenced defendant approximately within the middle of his previous guideline range of 168 to 210 months, the Court will reduce defendant's sentence to the proportionate sentence within his amended guideline range of 151 to 188 months.[5]

---

[5] To calculate defendant's revised sentence, the Court first determines the fractional position of his existing sentence within the 168 to 210 guideline range, which spans 42 months (i.e., 12 months above the low-end divided by 42 = 0.286, 30 months below the high-end divided by 42 = 0.714). Then, the Court applies this fractional position to defendant's new guideline range, which spans 37 months (11 months above the low-end divided by 37 = 0.286, 26 months below the high-end divided by 37 = 0.714). The equivalent sentence is 162 months.

17

Case 3:18-cr-00006-TAV-DCP    Document 692    Filed 05/02/25    Page 17 of 18
PageID #: 5126

For the reasons stated herein, defendant's motion [Doc. 670] is **GRANTED in part** with respect to his invocation of Amendment 821.

## IV. Conclusion

For the reasons stated above, defendant's motion for a sentence reduction [Doc. 670] is **GRANTED in part** and defendant's sentence is **REDUCED** to <u>**162 months' imprisonment**</u>.  If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence.  U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(C).  Except as otherwise provided in this order, all provisions of the judgment dated February 17, 2022 [Doc. 633], shall remain in effect. Defendant's motion to supplement [Doc. 688] is **DENIED**, and the government's motion [Doc. 684], which requested an extension to file its response, is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
